USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/17/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN PABLO CHAVEZ,

    Plaintiff,

v.

GREGORY WYLIE, GREGORY WYLIE VIOLIN MAKER, and JOHN DOE 1-9,

    Defendants.

No. 18-CV-7965 (RA)

ORDER ADOPTING REPORT AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Plaintiff Juan Pablo Chavez, proceeding *pro se*, filed this breach of contract action on August 30, 2018 against Gregory Wylie, Gregory Wylie Violin Maker, and unidentified John Does 1-9. Dkt. 1. On January 2, 2019, Chavez filed an amended complaint (the "First Amended Complaint" or "FAC"), adding a claim for discrimination. Dkt. 8. On May 3, 2019, Defendant Gregory Wylie moved to dismiss, *see* Dkt. 15, and on May 20, 2019, he filed an amended motion to dismiss.[1] *See* Dkt. 20. Specifically, Defendant has moved to dismiss the breach of contract claim under Federal Rule of Civil Procedure 12(b)(1) and the discrimination claim under Federal Rule of Civil Procedure 12(b)(6).

On October 7, 2019, Magistrate Judge Gabriel Gorenstein issued a Report and

---

[1] Although Chavez brought this action against Gregory Wylie, "Gregory Wylie Violin Maker," and unidentified John Does 1-9, as Judge Gorenstein points out in his Report and Recommendation, "the FAC does not reference 'Gregory Wylie Violin Maker' at all," and the "only allegation against the Doe Defendants" is that they are "agents, servants or employees of the known Defendants, or entered into a conspiracy and agreement with the known Defendants." Report at 12 n.3 (quoting FAC at 2). For the purposes of this Order, the Court treats Defendant Gregory Wylie as the sole defendant. *See also* Def. Mot., Dkt. 20-2, at 2 n.3 ("There exists no business or other legal entity by the name of 'GREGORY WYLIE VIOLIN MAKER' and Mr. Wylie does not do business under any name other than his own. With respect to the Doe defendants, Mr. Wylie avers that he is a sole proprietor with no employees.").

Recommendation (the "Report") recommending that the Court dismiss Chavez's breach of contract and discrimination claims under Rule 12(b)(1) and Rule 12(b)(6), respectively. *See* Dkt. 24. On October 21, 2019, Chavez filed six—separate and somewhat incomprehensible—documents. *See* Dkts. 27-32. On October 22, 2019, upon receiving a letter from Chavez seeking an extension of time in which to file objections to the Report, Dkt. 25, the Court extended Chavez's time to file objections to November 18, 2019. Dkt. 26. On November 18, 2019, Chavez filed another document, which was labeled "Letter re: Objections to 12(b)1 and 12(b)6 Motions." *See* Dkt. 34.[2] To date, Defendant has not filed any response to the Objections.

The Court assumes the parties' familiarity with the facts, as outlined in detail in the Report. For the following reasons, the Court adopts Judge Gorenstein's thorough and well-reasoned Report in its entirety. Defendant's motion to dismiss is therefore granted.

## LEGAL STANDARDS

When a magistrate judge has issued a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(1). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12 Civ. 3774 (LAP) (KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (citing 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72(b)(3)). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the

---

[2] The Court notes that some of the assertions made in Chavez's Objections directly conflict with the factual allegations asserted in the FAC. For instance, in his Objections, Chavez states "I am not Johnny Arco. Johnny Arco is not me." Obj., Dkt. 34, at 1. In the FAC, however, Chavez specifically alleges that Defendant discriminated against him in part based on the fact that "Chavez previously conducted business with Wylie using a pseudonym of Johnny Arco." FAC at 3.

2

record.'" *Id.* (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Moreover, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Crum v. Billingsby*, No. 11 Civ. 2979 (GBD) (RLE), 2014 WL 2855030, at *1 (S.D.N.Y. June 20, 2014) ("[W]here the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [complaint], reviewing courts should review a report and recommendation for clear error.") (citation omitted). "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Stenson v. Heath*, No. 11-CV-5680 (RJS) (AJP), 2015 WL 3826596, at *2 (S.D.N.Y. June 19, 2015) (citation omitted).

The Court must also be mindful that a *pro se* litigant's submissions are to be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Restea v. Brown Harris Stevens LLC*, No. 17-CV-4801 (VEC) (GWG), 2018 WL 3435060, at *1 (S.D.N.Y. July 16, 2018) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Crum*, 2014 WL 2855030, at *1 (citation omitted).

## DISCUSSION

Chavez has submitted a document labeled "Objections to 12(b)1 and 12(b)6 Motions," Dkt. 34, as well as several other documents, which the Court construes as additional objections to the Report, *see* Dkts. 27-32. The vast majority of these "objections," however, appear to be entirely

3

unrelated to this action, *see, e.g.*, Obj., Dkt. 34, at 1-3, 6-7, and are therefore not considered. *See Restea*, 2018 WL 3435060, at *1 ("The court need not consider arguments and factual assertions unrelated to the findings of the magistrate judge.") (citing *Robinson v. Keane*, No. 92-CV-6090 (CSH), 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999)). Many of Chavez's other objections merely reiterate arguments made to Judge Gorenstein and are thus reviewed for clear error. *See Walker*, 216 F. Supp. 2d at 292. The Court first addresses the assertions raised in Chavez's November 18, 2019 letter, Dkt. 34, and then turns to the additional documents filed at Dkts. 27 through 32.

First, Chavez seems to object to the Report's finding that Defendant's violin repair shop is not a "public accommodation" under Title II of the Civil Rights Act of 1964. *See* Obj. at 5. To support the proposition that "[Wylie's] shop is a place of public accommodation," Chavez argues that "[Wylie] Gregory Violin Maker is a [sic] 'other place of exhibition or entertainment,'" because "[t]here are posters on the walls of his place promoting his music entertainment and masterclasses serving the public, and targeting the Asian market." *Id.* As the Report correctly concluded, however, Defendant's repair shop is not a "public accommodation" within the meaning of Title II.

Title II defines "public accommodation" as an establishment that, among other things, falls within one of the following four categories: (1) "any inn, hotel, motel, or other establishment which provides lodging to transient guests," with more than five rooms for rent; (2) "any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises," including such facilities located within retail establishments and gasoline stations; (3) "any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment"; and (4) any establishment located within an establishment falling into one of the first three categories, or any establishment that

4

contains a covered establishment, where such establishment "holds itself out as serving patrons of such covered establishment." 42 U.S.C. § 2000a(b); *see also Renxiong Huang v. Minghui.org*, No. 17 Civ. 5582 (ER), 2018 WL 3579103, at *3 (S.D.N.Y. July 25, 2018) (quoting *Bishop v. Henry Modell & Co*, No. 08 Civ. 7541 (NRB), 2009 WL 3762119, at *12 (S.D.N.Y. Nov. 10, 2009)).[3] The location in question is a violin repair shop. Courts have found that retail establishments are not "public accommodations" under Title II. *See, e.g., Bishop*, 2009 WL 3762119, at *13 (collecting cases). Chavez has not pointed to any authority supporting the proposition that a repair shop is covered under Title II, and the Court is aware of none. Moreover, as to the third category, i.e., "places of exhibition or entertainment," Title II explains that such places are those that "customarily present[] films, performances, athletic teams, exhibitions, or other sources of entertainment which move in commerce." 42 U.S.C. § 2000a(c). There is no allegation that Defendant's store "customarily presents" these types of activities. Chavez's fleeting reference to music entertainment posters and classes "serving the public" does not suffice to bring the repair shop within the meaning of "public accommodation" under Title II. *See also D.W.M. by Moore v. St. Mary School*, No. 18-cv-3099 (DHR) (GRB), 2019 WL 4038410, at *14 (E.D.N.Y. Aug. 27, 2019) ("It is well-established precedent in the Second Circuit that schools are not places of public accommodation."). The Report therefore did not err in dismissing Chavez's discrimination claim under Title II.[4]

---

[3] "Because Congress specified the establishments that constitute places of public accommodation under § 2000a, courts in this circuit apply the statute to only those covered establishments," and thus "have held that the language of the statute does not suggest that the listed establishments in the statute were meant to serve as mere examples of public accommodations." *Akyar v. TD Bank US Holding Co.*, No. 18-CV-379 (VSB), 2018 WL 4356734, at *5 (S.D.N.Y. Sept .12, 2018) (citing *Renxiong Huang*, 2018 WL 3579103, at *3).

[4] Additionally, for the reasons articulated in the Report, even if Chavez were to sufficiently plead that Defendant's store is a "public accommodation," which he does not, he nonetheless fails to adequately allege any intentional discrimination. *See* Report at 8 n.2. His discrimination claim must be dismissed on this basis as well.

5

Second, Chavez seems to take issue with the Report's finding that the FAC fails to adequately plead that Defendant intentionally discriminated against Chavez based on his Mexican-American heritage. *See* Obj. at 5. In his Objections, however, Chavez merely reiterates his previous arguments, asserting that he is Mexican-American, and that Defendant "chose to accept and deliver timely services, and accurate receipts, to his Asian clients because he favors them and their culture." *Id.* Chavez asserts further that Defendant's "discrimination" was "based on [his] being a member of a racial minority with respect to the making of a contract." *Id.* These allegations are conclusory and are virtually identical to those that Judge Gorenstein addressed. *See* Report at 7-8.[5] Chavez does not point to any specific errors in the Report with respect to his discrimination claim. Upon its own review, the Court finds no clear error in the Report's dismissal of Chavez's discrimination claims under either Title II or Section 1981.

As to his breach of contract claim, Chavez appears to raise objections to the Report's finding that he has not established a "reasonable probability" that the amount in controversy exceeds $75,000. *See* Obj. at 5-6. In doing so, Chavez states in conclusory and speculative fashion that it appears "to a reasonable probability that the claims we are currently contemplating as a result of [Defendant's] breach are greater than $75,000." *Id.* at 6. Chavez provides no basis for this assertion, other than to state that "the amount in controversy certainly exceed[s] $75,000" because, apparently based on something he found on Google, a "transcript of [his] first recording with the White Workhorse violin" allegedly shows that "the amount in controversy is $5,000,000."

---

[5] The only factual assertion not previously raised with Judge Gorenstein appears to be Chavez's claim that his "Mexican heritage became apparent to [Defendant] at the time of the Trump Mexican border wall 'crisis.'" Obj. at 5. As this statement is not relevant to the Report's findings, the Court does not address it. *See Restea,* 2018 WL 3435060, at *1.

6

*Id.* at 5.[6] At the same time, however, Chavez states that the final amount of his purported damages "requires intricate calculations" and "is unknown at this time." *Id.* at 5-6. In any event, Judge Gorenstein carefully considered and rejected these arguments in the Report. *See* Report at 9-12. Upon review, the Court finds no clear error in Judge Gorenstein's conclusion that Chavez's breach of contract claim must be dismissed under Rule 12(b)(1).

Since the Court must remain cognizant of its obligation to construe a *pro se* litigant's submissions "liberally" and to interpret them "to raise the strongest arguments that they suggest," *Triestman*, 470 F.3d at 474, the Court briefly addresses the additional documents that Chavez filed on October 21, 2017, which could potentially be construed as additional objections to the Report. *See* Dkts. 27-32. In short, the Court finds that these objections are entirely irrelevant to this action and/or without merit.

First, in Dkt. 27, Chavez merely states the general standards for dismissal under Rules 12(b)(1) and 12(b)(6), as well as the proposition that *pro se* complaints are construed liberally. Specifically, Chavez asserts that a case may only be dismissed pursuant to Rule 12(b)(1) where "the claim is not even 'colorable,'" and that a case may only be dismissed pursuant to Rule 12(b)(6) where there are not "sufficient facts on [the] record stating a claim to relief that is 'plausible on its face.'" It does not appear, however, that Chavez actually *objects* to any portion of the Report by repeating these general standards, and the Court finds no clear error with respect to the standards applied in the Report. *See Schiff v. Yayi Int'l Inc.*, No. 15-CV-359 (VSB), 2018 WL 5993728, at

---

[6] The Report thoroughly addressed all of Chavez's arguments with respect to the amount in controversy, including Chavez's assertion that he seeks damages in excess of $21,600,000. *See* Report at 10. As an initial matter, it is not clear how Chavez's claim regarding his "first recording with the White Workhorse violin" establishes a worth of $5,000,000. To the extent that Chavez's statement about $5,000,000 can be construed as an objection to the Report, it appears to be "merely [a] perfunctory response[], argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Crum*, 2014 WL 2855030, at *1. The Report did not err in concluding that Chavez has failed to satisfy the amount in controversy requirement.

7

*2 (S.D.N.Y. Nov. 15, 2018) (reviewing report and recommendation for clear error where, although "Plaintiffs' filings in opposition to the R&R [were] styled as objections, they [did] not actually challenge the substance of, or analyses contained in, the Report").

Second, in Dkt. 28, Chavez asserts that he "categorically denies and disputes all facts and allegations" asserted by Defendant. But, again, Chavez does not assert specific objections to any factual or legal findings in the Report, and the Court finds no clear error in Judge Gorenstein's analysis, as explained above.[7]

Third, Dkt. 29 is labeled as an "Objection" to the Report, but in it, Chavez merely asserts in conclusory fashion that "the Mother Court, and others, have subject matter jurisdiction." Dkt. 29 at 1. In purported support of that notion, Chavez attaches a Table of Authorities from a petition for writ of certiorari to the United States Supreme Court that he apparently filed in an unrelated case, *Juan Pablo Chavez v. Scott M. Rudes, et al. See* Dkt. 29 at 3, 5-16. The Court cannot discern any connection between the present case and the *Chavez v. Rudes* petition apparently filed in the Supreme Court, and therefore does not address these documents. *See Restea*, 2018 WL 3435060, at *1.

Fourth, in Dkt. 30, Chavez asserts that he is "chronically homeless and the authorities at his shelter in D.C. do not allow him to have his mail all the time." He thus argues that 14 days to object to the Report is not a reasonable time, especially given his *pro se* status. *Id.* Although it seems that Chavez had not yet received a copy of the Report at the time he wrote this letter, Chavez

---

[7] In Dkt. 28, Chavez also argues (1) that he is "mentally/physically disabled and has not had reasonable time to review the record," and (2) that he has "not received proper service of all documents on the record." As the Court extended Chavez's time to file objections, and indeed received objections from Chavez on the subsequent date, *see* Dkts. 26 and 34, the Court finds that any objection on the grounds that Chavez has not had adequate time to review the record or file objections is without merit. Furthermore, Chavez does not specify any documents for which he has not received proper service.

8

*does* indicate that he received an electronic copy of the Report on October 8, 2019. *Id.* Moreover, as the Court extended Chavez's time to file objections to nearly four weeks after the initial deadline, and as Chavez filed objections on that date, *see* Dkt. 34, the issue of whether Chavez is able to file objections within the appropriate time frame appears moot.

Fifth, Dkt. 31 appears to be: (1) a request to convert Defendant's motion to dismiss into a motion for summary judgment under Rule 12(d); (2) a motion for a more definite statement under Rule 12(e); and (3) a motion to strike under Rule 12(f). Dkt. 31 does not appear to contain any objections to the Report. Moreover, Chavez does not provide any bases from which to consider, let alone grant, any of these motions. To the extent that Dkt. 31 contains any request with respect to motions filed under Rules 12(d), 12(e), or 12(f), those requests are denied.[8]

Finally, Dkt. 32 appears to be a request for leave to file an amended complaint because, according to Chavez, "it is not clear that leave to amend would be futile."[9] Federal Rule of Civil Procedure 15(a) provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). Amendments to *pro se* complaints, in particular, should be granted "fairly freely." *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir. 1980) (citation omitted). Nevertheless, "a futile request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Moreover, "it is within the sound discretion of the district court to grant or deny leave

---

[8] Chavez also cites Rule 12(i), which provides that motions filed pursuant to Rules 12(b) and 12(c) "must be heard and decided before trial unless the court orders a deferral until trial." As this action is only at the motion to dismiss stage, and Chavez has provided no arguments with respect to Rule 12(i), the Court does not address Rule 12(i) at this time.

[9] Dkt. 32 also does not appear to contain any objections to the Report.

9

to amend," and, in particular, a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citations omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *see also Leary v. Civil Serv. Emps. Ass'n*, No. 11-CV-716 (CS), 2012 WL 1622611, at *12 (S.D.N.Y. May 9, 2012) ("Where the 'problem with [a complaint] is substantive [and] better pleading will not cure it,' leave to amend should be denied as futile.") (quoting *Cuoco*, 222 F.3d at 112).

Chavez has already amended his complaint once. He provides no reasons as to why granting leave to file a second amended complaint would not be futile, or how he could cure the deficiencies in the FAC by filing a further amended complaint. To the contrary, based on the careful reasoning set forth in Judge Gorenstein's Report and the Court's own review of Chavez's claims, the Court finds that it would be futile to grant him leave to amend. Thus, Chavez's request for leave to file a second amended complaint is denied.

In sum, the Court finds no error—clear or otherwise—in Judge Gorenstein's Report. *See Walker*, 216 F. Supp. 2d at 292. Even if the Court were to review the Report *de novo*, its conclusion would be the same, and would rest on the same reasoning as that articulated by Judge Gorenstein.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety. Accordingly, Defendant's motion to dismiss is granted, and Chavez's breach of contract and discrimination claims are dismissed. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 20 and close this case.

SO ORDERED.

Dated: December 17, 2019
       New York, New York

_____
Ronnie Abrams
United States District Judge